UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Carlos Singer | Bonnie Carter |

Attorneys Pro Se for Cross-Defendant:
Vincent Isaac, pro se

| Proceedings: | SALINA B. NORTON'S MOTION TO STRIKE PORTIONS OF VINCENT ISAAC'S ANSWER TO CROSSCLAIMS (filed 12/10/10) |
|---|---|

## I.     INTRODUCTION & BACKGROUND

On September 16, 2010, The Prudential Insurance Company of America ("Prudential") filed the instant interpleader complaint in this Court against Salina B. Norton ("Norton") and Vincent Isaac ("Isaac"). Prudential insured Charles L. Isaac (the "Insured") under a group life insurance policy issued to the Regents of the University of California under Group Policy No. G-9-7000 (the "Policy"). Complaint ¶ 6. On February 15, 2009, the Insured died. Complaint ¶ 7. At the time of death, the Insured was covered for a total $148,000 in life insurance benefits (the "Benefits"). Complaint ¶ 8. Under the Policy, if no person is designated as the beneficiary by the Insured, the Benefits are payable to the first of the following: (1) the Insured's spouse; (2) the Insured's children; (3) the Insured's parents in equal shares; (4) the Insured's siblings; and (5) the Insured's estate. Complaint ¶ 9. Prudential alleges that at the time of his death, the Insured had not designated a beneficiary, was not married, and had no children. Complaint ¶¶ 10–12. Subsequently, Isaac made a claim to the Benefits, alleging that he is the Insured's father and that Norton should be disqualified from receiving the Benefits as the Insured's mother, due to failure of support. Complaint ¶ 13. Norton also made a claim to the Benefits, alleging that she is the Insured's mother and that Isaac is not the Insured's father or should otherwise be disqualified from receiving the Benefits due to failure of support. Complaint ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

    On November 8, 2010, Norton filed an answer to the complaint and crossclaims against Isaac seeking an order: (1) declaring her the sole living parent of the Insured and awarding her the entirety of the Benefits; (2) offsetting any amounts awarded to Isaac to account for unpaid child support; and (3) offsetting any amounts awarded to Isaac to account for unreimbursed funeral expenses.  See generally Dkt. No. 9, Answer and Crossclaims of Salina B. Norton.  On November 22, 2010, Isaac filed an answer to Norton's crossclaims.  See Dkt. No. 12.

    On December 10, 2010, Norton filed the instant motion to strike portions of Isaac's answer to her crossclaims pursuant to Fed. R. Civ. P. 12(f).  On January 24, 2011, Isaac filed an opposition to Norton's motion.  Norton replied on January 31, 2011.  After carefully considering both parties arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

    A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f).  Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material.  The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law.  Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974).  The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored.  Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.   DISCUSSION

    Norton moves to strike portions of Isaac's answer on the basis that they contain extraneous narrative statements.  Mot. at 3–5.  Norton further moves to strike Isaac's answer to Norton's request for relief on the grounds that the answer seeks relief against Norton in a manner not supported by allegations before the Court.  Id. at 5.  Finally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

Norton moves to strike documents labeled "Exhibit 2" and "Exhibit 3" attached to Isaac's answer as unsupported or otherwise inadmissible. Id. at 5–6.[1]

In his opposition, Isaac clarifies that he intends to argue that the Insured is his natural son, and that his answer to Norton's crossclaims is an attempt to allege facts supporting his claim. Opp'n at 6.

Based on Isaac's opposition to the motion, the Court construes Isaac's answer to Norton's crossclaims as both an answer and crossclaims against Norton. Accordingly, the Court concludes that it is inappropriate to strike the allegations or prayers for relief in Isaac's crossclaims against Norton.[2] The Court finds, however, that the documents attached to Isaac's filing, labeled "Exhibit 2" and "Exhibit 3," are inadmissible as currently submitted and should be struck.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part Norton's motion to strike portions of Isaac's answer. The Court hereby STRIKES documents attached to Isaac's filing labeled "Exhibit 2" and "Exhibit 3." Norton is directed to file an answer to Isaac's crossclaims against Norton no later than **February 22, 2011**.

IT IS SO ORDERED.

---

[1] "Exhibit 2" appears to be a computer printout of a document entitled "MPF Individual Actions" that contains a record of emergency data for the Insured, listing Isaac as the Insured's father. See Dkt. No. 12 at 10–11. "Exhibit 3" is an e-mail correspondence between Isaac and an individual identified as "Ireane Jones." Id. at 12.

[2] At oral argument, Norton argued that despite the Court's construction of Isaac's filing as crossclaims against Norton, the Court should strike Isaac's allegation that he "raised the Insured since the time he was 12, which . . . constituted support." See Dkt. No. 12, p. 7:4–6. The Court declines to strike such an allegation because it is not redundant, immaterial, impertinent or scandalous, and is a matter more properly decided on a motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | February 7, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

|  | 00 : 15 |
|---|---|
| Initials of Preparer | CMJ |