UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers:) **CROSSCLAIM PLAINTIFF NORTON'S MOTION FOR SUMMARY JUDGMENT** (filed 6/24/2011)

## I.    INTRODUCTION

On September 16, 2010, The Prudential Insurance Company of America ("Prudential") filed the instant interpleader complaint in this Court against Salina B. Norton ("Norton") and Vincent Isaac ("Isaac"). Prudential insured Charles L. Isaac (the "Insured") under a group life insurance policy issued to the Regents of the University of California No. G-9-7000 (the "Policy"). Compl. ¶ 6. On February 15, 2009, the Insured died. Compl. ¶ 7. At the time of death, the Insured was covered for a total $148,000 in life insurance benefits (the "Benefits"). Compl. ¶ 8. Under the Policy, if no person is designated as the beneficiary by the Insured, the Benefits are payable to the first of the following: (1) the Insured's spouse; (2) the Insured's children; (3) the Insured's parents in equal shares; (4) the Insured's siblings; and (5) the Insured's estate. Compl. ¶ 9. Prudential alleges that at the time of his death, the Insured had not designated a beneficiary, was not married, and had no children. Compl. ¶¶ 10–12. Subsequently, Isaac made a claim for the Benefits, alleging that he is the Insured's father and that Norton should be disqualified from receiving the Benefits as the Insured's mother, due to failure to provide support. Compl. ¶ 13. Norton also made a claim to the Benefits, alleging that she is the Insured's mother and that Isaac is not the Insured's father or should otherwise be disqualified from receiving the Benefits due to failure of support. Compl. ¶ 14.

On November 8, 2010, Norton filed an answer to the complaint and crossclaims against Isaac seeking an order: (1) declaring her the sole living parent of the Insured and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

awarding her the entirety of the Benefits; (2) offsetting any amounts awarded to Isaac to account for unpaid child support; and (3) offsetting any amounts awarded to Isaac to account for unreimbursed funeral expenses. See Dkt. 9. On November 22, 2010, Isaac filed an answer to Norton's crossclaims. Dkt. 12.

On December 10, 2010, Norton filed a motion to strike portions of Isaac's answer to her crossclaims pursuant to Fed. R. Civ. P. 12(f). On January 24, 2011, Isaac filed an opposition to Norton's motion. Norton replied on January 31, 2011. On February 7, 2011, the Court issued an order that granted in part and denied in part Norton's motion. Dkt. 27.

On June 24, 2011, Norton filed the instant motion for summary judgment, seeking a declaration that Norton is the sole living parent of the Insured, awarding Norton the entirety of the Benefits, and dismissing all remaining claims and crossclaims with prejudice, or, in the alternative, awarding Norton immediate distribution of the one-half of the Benefits which are not contested. Isaac filed his opposition on July 29, 2011, and amended it on August 3, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II. BACKGROUND**

The gravamen of this dispute concerns which parent may recover Benefits under the Policy. It is undisputed that Norton is the Insured's mother. Statement of Genuine Issues of Material Fact in Opposition to Motion for Summary Judgment ("SGIMF") ¶ 13. No blood tests were conducted within the first two years of the Insured's life, nor at any other point of his life. Id. ¶¶ 15–16. Norton listed Isaac as the Insured's father on the Insured's birth certificate and gave the Insured the surname Isaac, although Isaac was not present for the Insured's birth. Id. ¶¶ 23–24. The Insured lived with his mother for approximately the first 11 years of his life, and lived with Isaac thereafter until he was 18. Id. ¶ 19. Isaac's name also appears on the Insured's death certificate. Declaration of Isaac in Support of Opposition to Motion for Summary Judgment ("Isaac Decl.") Exh. B.

Isaac believes he is the biological father of the Insured and held him out as his own natural child. SGIMF ¶¶ 27, 29. Isaac never paid to Norton and Norton never paid to Isaac any child support during the Insured's life. Id. ¶¶ 31–32. Isaac did not sign a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

voluntary acknowledgment of paternity regarding the Insured. Id. ¶ 26.

Norton maintains that her now deceased ex-husband Jackie Lee Macon ("Macon") is the Insured's father. Declaration of Norton in Support of Motion for Summary Judgment ("Norton Decl.") ¶ 4. Norton alleges that at the time of the Insured's conception, she and Macon attempted trial periods of separation and lived together sporadically. Id. ¶¶ 5–6. She alleges that Macon was not sterile or impotent during their marriage, evidenced by two other children born prior to the Insured. Id. ¶ 7. Norton admits that prior to the birth of the Insured, she had an affair with Isaac. Id. ¶ 8. According to Norton, Macon was arrested "one or two days" before the birth of the Insured and accordingly did not attend the birth. Id. ¶ 9. Norton says she was angry with Macon which is why she opted to list Isaac's name on the birth certificate. Id. ¶ 10. Norton declares that when Macon was released from prison he did not return to live with her but held the Insured out to be his own son. Id. ¶ 12. Norton states that she and Macon divorced in 1982 but that he continued to hold the Insured out as his son until his death in 1996. Id. ¶ 17. Following her divorce from Macon, Norton says she requested child support from Isaac who repeatedly denied paternity and refused to provide financial assistance. Id. ¶ 18. Because Isaac declined to assist her, Norton registered for benefits with the Pasadena Welfare Office's Department of Social Services and disclosed both Macon and Isaac as potential fathers on the intake form. Id. ¶¶ 19–20. According to Norton, the Welfare Agency chose not to pursue Isaac "based on an internal determination that Macon was the legal father of the Insured." Id. ¶ 21. Norton claims that the Welfare Agency notified Isaac of its determination, but that Isaac decided not to contest the finding that Macon was the Insured's father. Id. ¶ 22.

Isaac disputes that Norton ever requested support from him or that he was ever contacted by the "Social Services Welfare Agency." Isaac Decl. ¶¶ 13–14. Isaac claims that he had not learned about Macon's existence until recently and that he did not realize there has ever been a dispute as to the Insured's paternity. Id. ¶ 15. Isaac alleges that Norton never told him she was married and did not wear a wedding ring. Id. ¶ 6. Isaac notes that he listed the Insured as his son on his taxes from 1993–1999. Id. ¶ 27, Exh. L (copy of 1994 IRS form 1040). Isaac contends that he was listed as the beneficiary of an unrelated insurance program through Fidelity that the Insured received through his employment at the University of California, Los Angeles. Id. ¶ 24. Finally, Isaac notes that he became very ill and almost suffered a nervous breakdown as a result of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

Insured's death. Id. ¶¶ 29–30.

### III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

### IV.  DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

Norton's main contention is that the "conclusive presumption" of Cal. Fam. Code § 7540 applies, and accordingly Macon must be found to be the Insured's father. Mot. at 10–13. Norton asserts that the only vehicle for rebutting this presumption, § 7541, does not apply because the Insured never had his blood tested within the first two years of his life. Sections 7540 and 7541 provide:

> 7540. Except as provided in Section 7541, the child of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be a child of the marriage.
>
> 7541. (a) Notwithstanding Section 7540, if the court finds that the conclusions of all the experts, as disclosed by the evidence based on blood tests performed pursuant to Chapter 2 (commencing with Section 7550), are that the husband is not the father of the child, the question of paternity of the husband shall be resolved accordingly.
>     (b) The notice of motion for blood tests under this section may be filed not later than two years from the child's date of birth by the husband, or for the purposes of establishing paternity by the presumed father or the child . . . As used in this subdivision, "presumed father" has meaning given in Sections 7611 and 7612.

Cal. Fam. Code §§ 7540, 7541.

Norton claims that it is "uncontested" that Norton was married to Macon prior to, at the time of, and following the birth of the Insured, that she and Macon cohabited at the time of conception, and that Macon was not sterile or impotent during the marriage or at the time of conception. Mot. at 12–13. Norton asserts, and Isaac does not dispute, that no blood tests were performed at any point during the Insured's life. Thus, Norton contends that the "conclusive presumption" of § 7540 applies, and Macon should be deemed the Insured's father as a matter of law.

Norton argues that even if § 7540 does not apply, Isaac should not be labeled the Insured's father based on the doctrines of estoppel, laches, and res judicata. Id. at 16. According to Norton, Isaac denied he was the father of the Insured when she demanded child support from him. Id. at 17. Norton claims she relied on these alleged denials of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

paternity and raised the Insured until he was approximately 12 years old without any financial contribution from Isaac. Id. at 18. Norton thus seeks a determination that Isaac is now estopped from claiming he is the father. Id.

Alternatively, Norton contends that Isaac has unreasonably delayed in enforcing his alleged paternity, and that his present attempt to assert paternal rights should be barred by laches. Id. at 18–19. Norton maintains that Isaac knew of any alleged parental relationship with the Insured from the Insured's birth yet never took any action to establish paternity in California courts. Id. at 19. Norton believes Isaac should be barred from attempting to establish paternity in this case. Id.

Finally, Norton asserts that the Welfare Agency's determination not to pursue Isaac for reimbursement of child support should have the effect of a bar in the nature of res judicata so that Isaac should not be allowed to assert his alleged rights here. Id. at 19–20. Norton notes that "[a]dditional documents from the Welfare Agency have been requested but not forthcoming." Id. at 20.

Isaac contests the fact that Norton and Macon were "cohabiting" within the meaning of Cal. Fam. Code § 7540. Opp'n at 7. Isaac cites a letter Norton wrote to UCLA in 2009 in which she states that she had filed for divorce on November 28, 1979, and that the Insured was not born until May 3, 1981. Id. at 7, Exh. A; see Dkt. 1, Exh. G. Isaac asserts that this lack of evidence of cohabitation defeats the "conclusive presumption" of Cal. Fam. Code § 7540. Instead, Isaac contends that he should be deemed the Insured's father pursuant to Cal. Fam. Code §§ 7611(c)(1)–(d) and 7612(a)–(b), and Probate Code §§ 6452 and 6453. Opp'n at 6–7.

Lastly, according to Isaac, laches, estoppel, and res judicata should not apply because he was never apprised of Norton's marriage to Macon or that anyone other than he claimed to be the Insured's father. Id. at 8–9.

The Court first notes that if Macon is found to have met the mandates of Cal. Fam. Code § 7540, he will be conclusively established as the Insured's father as a matter of law. See In re Jesusa V., 85 P.3d 2, 18–19 (Cal. 2004) (holding that Cal. Fam. Code § 7540's conclusive presumption "is not really a presumption at all but instead is a rule of substantive law," as contrasted with Cal. Fam. Code § 7611's rebuttable presumptions)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

(internal quotation marks and citations omitted); cf. Cal. Fam. Code § 7611. Because no blood tests were performed on the Insured within two years of his birth, § 7541 is inapplicable and § 7540 would control. See Cal. Fam. Code § 7541(b). Much of the remaining evidence offered by the parties is irrelevant.

Accordingly, Norton must prove that during the requisite period: (1) she was Macon's wife, (2) she cohabited with Macon, and (3) that Macon was neither impotent nor sterile.[1] Cal. Fam. Code § 7540.

Although Norton claims requirements one and two are "uncontested," Mot. at 12–13, Isaac disputes both that Norton was married to, and cohabiting with, Macon during the requisite period. Opp'n at 6.

### A. Marriage and Cohabitation

Norton has provided the Court with a copy of her and Macon's marriage certificate executed on October 27, 1974. Norton Decl. Exh. A. Norton declared that she and Macon "divorced on or about 1982," approximately one year after the Insured's birth. Norton Decl. ¶ 17. Isaac has not presented admissible evidence tending to rebut the contention that Norton and Macon were still married at the time of the Insured's birth. Accordingly, the Court finds that Macon and Norton were married at the time of the Insured's birth.

The only remaining question is whether Norton and Macon cohabited during the time of conception (in or around late 1980). See Dawn D. v. Superior Court (Jerry K.), 17 Cal. 4th 932, 935 (1998) (noting that the relevant time period for cohabitation is conception). In her motion, Norton relies exclusively on her declaration to prove

---

[1]The Court finds that Macon was not impotent or sterile at the time of conception. See Norton Decl. ¶ 7 ("Macon was not sterile or impotent . . . in fact, Macon and I had 2 other children together prior to the birth of the Insured."). Isaac has presented no evidence rebutting this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

cohabitation.² Mot. at 12–13. Norton states that "[a]fter several years of marriage, and the births of my older children, Macon and I began to attempt trial periods of separation . . . At the time of conception of my son, the Insured, Macon and I lived together sporadically." Norton Decl. ¶¶ 5–6.

Isaac disputes this by suggesting that Norton sought dissolution of her marriage to Macon in 1979, and thereby implying Norton and Macon did not cohabit in late 1980. See Opp'n at 3–4. Isaac contends there is a triable issue as to cohabitation. Id.

On September 12, 2011, the Court heard oral argument as to this question and requested further briefing from Norton. On September 19, 2011, Norton filed a supplemental reply and supplemental declaration. In her supplemental declaration, Norton admits that in the late 1970s Macon "would regularly disappear from the family home for extended periods of time" to satisfy an apparent heroin and cocaine addiction and Norton "never knew when he would return or how long he would stay." Supplemental Declaration of Salina B. Norton ("Supp. Norton Decl.") ¶ 7. Norton maintains that Macon continued leaving for indefinite periods during and after the time of the Insured's conception and that she "never knew" when or if he would return. Id. ¶¶ 7, 11, 17. Moreover, Norton states that sometimes she would refuse to admit Macon into her home when he would return from an extended absence, at which point "he would kick the door in and make himself at home." Id. ¶ 11. Norton's statements—that she "never knew" when Macon would return to her home and sometimes attempted to deny his entry when he did return—tend to rebut her assertion of cohabitation. Thus, in light of these clarifications, the Court concludes that whether Macon was "cohabiting" with Norton at the time of the Insured's conception presents a triable issue of fact. Accordingly, the

---

²Norton relies on Michael H. v. Gerald D., 191 Cal. App. 3d 995 (1987) for the proposition that the Court should rely on her declaration in granting summary judgment. Michael H., however, does not apply to this case. Specifically, in Michael H., the court had sworn affidavits from both the husband and wife stating they had "resided together continuously" during the requisite periods, and even had evidence from the alleged biological father's opposition that he acknowledged their cohabitation. Id. Here, all the Court has is Norton's declaration containing ambiguous statements of "sporadic" cohabitation. Norton Decl. ¶ 6; cf. Michael H., 191 Cal. App. 3d at 1006.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

Court cannot rule as a matter of law that Macon meets the requirements of § 7540 to invoke its conclusive presumption of paternity, and summary judgment in favor of Norton is inappropriate.[3]

### B. Norton's Request for Immediate Distribution of a Portion of the Benefits

Norton alternatively moves to be awarded "immediate distribution of [at least] the one-half of the Death Benefits which are not contested." Mot. at 2. It is undisputed that Norton is the Insured's mother. SGIMF ¶ 13. Isaac does not challenge the fact that Norton is entitled to at least one-half of the Benefits. Accordingly, the Court GRANTS in part Norton's motion seeking immediate distribution of the one-half of the Benefits which are not contested.

### V. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part Norton's motion for summary judgment. The motion is granted insofar as the Court finds that Norton, the undisputed mother of the insured, is entitled to immediate distribution of one-half of the Death Benefits. The motion is denied insofar as Norton seeks a ruling that Macon is the Insured's father as a matter of law.

IT IS SO ORDERED.

---

[3] Because Isaac also disputes that he was aware of Norton's marriage to Macon, the related questions of laches and estoppel also present triable issues of fact. See, e.g., Mt. Holyoke Homes, LP v. California Coastal Com'n, 167 Cal. App. 4th 830, 840 (Cal. Ct. App. 2008) (noting that "existence of estoppel is largely a question of fact" and that "laches is a question of fact" unless all relevant facts are undisputed) (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6923 CAS (FMOx) | Date | November 15, 2011 |
|---|---|---|---|
| Title | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. SALINA B. NORTON & VINCENT ISAAC | | |

| | | | 00 | : | 00 |
|---|---|---|---|---|---|
| | | Initials of Preparer | RS | | |

cc: Fiscal Section